IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MAXWELL McCREADY** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL NO. L-05-377** |
| | : | |
| **THE CITY OF CRISFIELD** | : | |
|     **Defendant.** | : | |

**MEMORANDUM**

This is an age discrimination case filed by Maxwell McCready ("McCready" or "Plaintiff") against the City of Crisfield ("the City" or "Defendant"). Now pending are: i) Defendant's motion to dismiss or in the alternative, for summary judgment; ii) Plaintiff's motion for leave to file a surreply, and iii) Plaintiff's motion to remand. For the reasons stated herein, the Court will, by separate Order filed this date:

    (i) DENY Plaintiff's motion to remand;

    (ii) DENY Plaintiff's motion for leave to file a surreply;

    (iii) RESERVE judgment on the motion to dismiss, or in the alternative, for summary judgment.

**I.   BACKGROUND**

McCready worked as an airport manager[1] for Crisfield-Somerset airport, until his termination on April 30, 2004. The airport is under the control of the City of Crisfield. McCready contends that he was discriminated against on account of his age. In his five count complaint, McCready claims as follows:

    (a)  violation of the federal Age Discrimination in Employment Act, 42 U.S.C. § 626(b);

---

[1] McCready's duties were primarily janitorial and general maintenance work.

(b) vicarious liability;

(c) Attorney's Fees under 42 U.S.C. § 2000e-5(k);

(d) violation of civil rights pursuant to 42 U.S.C. § 1983;

(e) violation of the Maryland Fair Employment Practices Act, Md. Ann. Code art. 49B, §§ 1-42.

The City filed a motion to dismiss the ADEA claim, arguing that it is immune from suit under the Eleventh Amendment. Although Crisfield is a municipality, the City contends that for purposes of the ADEA claim it should be characterized as a subdivision of the State. Under Kimel v. Florida Board of Regents, 528 U.S. 62 (2000), a State is immune from suit under the ADEA. The City also asserts that it is entitled to summary judgment on all the other claims because McCready cannot prevail at trial.

In his response, McCready, who is represented by counsel, apparently concedes that his ADEA claim is barred by the doctrine of sovereign immunity. He asserts, however, that his state law claim is viable. He did not address Defendant's summary judgment arguments with regard to his other claims. McCready requests this Court to "remand" the suit to the Circuit Court for Somerset County. The City opposes a remand and requests the Court to dismiss the case with prejudice.

**II   ANALYSIS**

Procedurally, the case cannot be remanded because it was originally filed in federal court. It was not removed from state to federal court. See Payne v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 75 Fed. Appx. 903, 906 (4th Cir. 2003). Accordingly, the motion to remand is denied.

Although Defendant asserts, and Plaintiff concedes, that the City is protected from the ADEA claim based on sovereign immunity, their assertion may be incorrect. Eleventh Amendment sovereign immunity does not extend to counties or municipal corporations. See Cash v. Granville Cty. Bd. of Ed,

242 F.3d 219, 222 (4th Cir. 2001). The immunity does, however, protect arms of the state and state officials. Id. The Fourth Circuit uses a test to determine the difference between a "municipality" and an "arm of the state." First, the Court must determine whether a money judgment would be enforceable against the state. Id. at 223. Second, the Court must determine whether an adverse judgment would affect "the dignity of the State as sovereign." Id. at 224. Neither party has applied this test to the facts in this case.

Accordingly, McCready must advise the Court within seven 7 days from the date of this order as to whether he, in fact, wishes the Court to dismiss his case, or whether he wants an opportunity to argue that Crisfield is not an arm of the state. If McCready is content to have his case dismissed, the Court would dismiss it without prejudice, meaning that he could re-file it in state court. The Court is not in a position to render an advisory opinion as to the viability of the suit in state court. The Court notes in passing that there are limitations issues that involve the interplay of state and federal tolling provisions.[2]

If McCready wishes to seek to establish in this Court that the City of Crisfield is not entitled to sovereign immunity, he must brief the issue within 21 days from the date of this order. The City shall then have 14 days to respond, and the reply will be due 11 days after that. See Local Rule 105(2)(a).

---

[2] If the Court dismisses McCready's Complaint because of sovereign immunity under the Eleventh Amendment, his state law claim may be barred. Ordinarily, 28 U.S.C. § 1367(d) provides tolling for a state law claim that is brought in federal court under supplemental jurisdiction. The Supreme Court has held, however, that the tolling clause does not apply "to dismissals of claims against non-consenting States dismissed on Eleventh Amendment grounds." Raygor v. Regents of the Univ. of Minn., 534 U.S. 543, 546 (2002). Looking at state law, Maryland Rule 2-101 (b) (2005) may save the claim from a limitations defense:

> Except as otherwise provided by statute, if an action is filed in a United States District Court or a court of another state within the period of limitations prescribed by Maryland law and that court enters an order of dismissal(1) for lack of jurisdiction, (2) because the court declines to exercise jurisdiction, or (3) because the action is barred by the statute of limitations required to be applied by that court, an action filed in a circuit court within 30 days after the entry of the order of dismissal shall be treated as timely filed in this State.

The Court will then consider the motion to dismiss, or in the alternative, for summary judgment.

### III.    CONCLUSION

For the reasons stated herein, the Court hereby:

(i)     DENIES Plaintiff's motion to remand (Docket No. 9);

(ii)    DENIES Plaintiff's motion for leave to file a surreply (Docket No. 12);

(iii)   ORDERS McCready to advise the Court within 7 days whether he wishes the Court to dismiss his Complaint without prejudice.

(iv)    ORDERS that if McCready wishes to establish that the City of Crisfield is not entitled to sovereign immunity, he must brief his argument within 21 days.  The general briefing schedule outlined in the Local Rules will be followed.

(iii)   RESERVES judgment on Defendant's motion to dismiss, or in the alternative, for summary judgment (Docket No. 7).

Dated this 15th day of December, 2005.

/s/
_____
Benson Everett Legg
Chief Judge