IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MAXWELL McCREADY** : | |
|      **Plaintiff,** : | |
| : | |
|      v. : | **CIVIL NO. L-05-377** |
| : | |
| **THE CITY OF CRISFIELD** : | |
|      **Defendant.** : | |

## MEMORANDUM

This is an age discrimination case filed by Maxwell McCready ("McCready" or "Plaintiff") against the City of Crisfield ("the City" or "Defendant"). Now pending is Defendant's motion to dismiss, or in the alternative, for summary judgment. For the reasons stated herein, the Court will, by separate Order filed this date, DENY Defendant's motion to dismiss, DENY the motion for summary judgment as PREMATURE, and ISSUE a scheduling order so that the parties may proceed to discovery.

**I.   BACKGROUND**

McCready worked as an airport manager[1] for Crisfield-Somerset airport, until his termination on April 30, 2004. The airport is under the control of the City of Crisfield. McCready contends that he was discriminated against on account of his age. In his five count complaint, McCready claims as follows:

   (1)  violation of the federal Age Discrimination in Employment Act, 42 U.S.C. § 626(b);

   (2) vicarious liability;

   (3) attorney's fees under 42 U.S.C. § 2000e-5(k);

   (4) violation of civil rights pursuant to 42 U.S.C. § 1983;

   (5) violation of the Maryland Fair Employment Practices Act, Md. Ann. Code art. 49B, §§ 1-42.

---

   [1]   McCready's duties were primarily janitorial and general maintenance work.

The City filed a motion to dismiss the ADEA claim, arguing that it is immune from suit under the Eleventh Amendment. Although Crisfield appears to be a municipality, the City contended that for purposes of the ADEA claim, it should be characterized as a subdivision of the State. Under <u>Kimel v. Florida Board of Regents</u>, 528 U.S. 62 (2000), a State is immune from suit under the ADEA. The City also asserts that it is entitled to summary judgment on all the other claims because McCready cannot prevail at trial.

On December 16, 2005, the Court ordered the parties to file supplemental briefs on the City's sovereign immunity argument because generally, sovereign immunity does not extend to municipal corporations. <u>See</u> <u>Cash v. Granville Cty. Bd. of Ed</u>, 242 F.3d 219, 222 (4th Cir. 2001). The Court reserved judgment on the motion to dismiss until after the briefing.

## II    ANALYSIS

A.    Sovereign Immunity

The City of Crisfield has all the attributes of a municipal corporation, and the City offers no proof to the contrary. In response to the Court's order to brief the sovereign immunity issue, the City merely repeated the circular argument from its motion to dismiss: in his complaint, McCready called the City of Crisfield "a political subdivision of the State", and the City argues that this characterization binds him.

McCready seems to have conceded the point on the mistaken belief that the district court could "remand" his state law claims to the state court. When the Court explained that it could not remand a matter that had not originated in state court, McCready immediately advised the Court that he did not agree that sovereign immunity protected the City. <u>See</u> <u>Resp. to Order</u>, docket no. 18.

The Court has an independent obligation to make a correct legal assessment, and the Court simply cannot ignore the fact that the City is a municipal corporation and not an arm of the state.

B.    Summary Judgment

The remainder of the City's motion is a request for summary judgment, based on a brief affidavit stating that (i) the assertion that all of the people who made the decisions to hire and fire McCready are within the same protected age-classification that he occupies; (ii) McCready was fired because of poor performance, and (iii) he was replaced by an older worker. These factors will be taken into account at the summary judgment stage. McCready is, however, entitled to discovery before the Court entertains dispositive motions. Accordingly, the Court will deny the motion for summary judgment as premature, without prejudice to refiling at the close of discovery. The Court will issue a scheduling order so that the parties may proceed to discovery.

### III.   CONCLUSION

For the foregoing reasons, the Court will, by separate Order, DENY the motion to dismiss based on sovereign immunity; DENY the motion for summary judgment as PREMATURE, and ISSUE a scheduling so the parties can begin discovery.

Dated this 16th day of February, 2006.

                                                           /s/
                                        Benson Everett Legg
                                        Chief Judge